UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE MEADOWS,  )
    Plaintiff,  )
    )  Case No. 13 CV 5659
v.  )
    )  Judge Sharon Johnson Coleman
POPEYES LOUISIANA KITCHEN,  )
    Defendant.  )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Joe Meadows, alleges that he was employed by Defendant as a fry cook in 2010. On April 23, 2010, he asserts he suffered severe burns on his arm while on the job and alleges he was ultimately terminated in October 2010 as a result of his injury. On August 8, 2013, Meadows filed a pro se complaint for violation of constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, 1986 for Defendant's alleged failure to provide medical attention. On January 24, 2014, the Court appointed counsel for Meadows. Defendant now moves to dismiss the complaint in its entirety.

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). On a motion to dismiss, the Court accepts as true all well-pleaded allegations (*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)), and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A pro se complaint is generally construed and allegations contained therein are held to less stringent standards than formal pleadings drafted by lawyers. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Defendant argues that Meadows' complaint fails as a matter of law because, even construed liberally, he fails to set forth a statutory basis for relief under sections 1983, 1985 or 1986. Defendant alleges it is a private entity, not a state actor, and that the facts alleged in the

complaint fail to indicate that Defendant's conduct deprived Meadows of his constitutional rights, or that its employees acted under color of law or conspired to deprive Meadows of his constitutional rights. *See* 42 U.S.C. §§ 1983, 1985, 1986. In response, Meadows argues that his complaint meets the federal pleading requirements . Meadows seems to acknowledge, or at least suggest, that his claims would be properly asserted under the Family Medical Leave Act of 1993. (Dkt. #26, Pl.'s Resp. p. 3.) Nevertheless, Meadows asserts that he has put "Defendant on notice of violations… specifically that he was denied medical care for a serious injury, [Defendant] refused to give him the appropriate medical leave and subsequently fired him because of his injury" and should therefore be given an opportunity to prove his claim. (*Id*. at p. 4.)

It is clear that Meadows' complaint asserting claims arising under sections 1983, 1985, and 1986 – even liberally construed – cannot survive dismissal as currently plead. *See e.g. Hanania v. Loren–Maltese*, 212 F.3d 353, 356 (7th Cir. 2000) ("[a] cause of action under §1983 requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or a federal law at the hand of someone acting under color of law"); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (even absent state action, §1985(3) claim requires allegations that defendant conspired to deprive plaintiff of equal protection of the laws); *Sims v. Kernan*, 29 F. Supp. 2d 952, 957 (N.D. Ind. 1998) ("[a] cause of action under section 1986 is premised on a violation of section 1985"). Defendant's motion is therefore granted.

However, in the interest of judicial economy and to the extent that Meadows, who is now represented by counsel, may amend his complaint to properly assert claims over which this court may exercise jurisdiction, he may do so within 28 days of entry of this order. If no amended complaint is on file at that time, this order will automatically convert to a dismissal with prejudice.

IT IS SO ORDERED.

_____
Date: July 11, 2014

_____
United States District Judge