UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 5659 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| POPEYES LOUISIANA KITCHEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant's motion to dismiss [37]. For the reasons explained below, the motion is denied.

Factual Background

On August 8, 2013, plaintiff Joe Meadows submitted a form complaint alleging that his employer, Popeyes Louisiana Kitchen, violated his constitutional rights [1] when it denied him medical care after he was injured on the job. Along with the complaint, Meadows submitted an application for leave to proceed *in forma pauperis* [4] and a motion seeking attorney representation [5]. Judge Coleman, to whom the case was initially assigned, granted the IFP application, but denied without prejudice the request for representation [7]. The complaint was then filed on October 18, 2013 [8].

Popeyes moved to dismiss the original complaint, arguing that Meadows had failed to state a claim for violation of any constitutional right [12], [19]. The Court appointed counsel to assist Meadows in opposing the motion to dismiss, and then

granted the motion [28], [29].  The Court gave Meadows leave to amend, which he did on August 5, 2014 [30].

In his amended complaint, Meadows alleges that he suffered the injury (a severe burn), not on April 23, but on October 6, 2010.  He alleges that his manager refused to let him get medical attention immediately after the burn, and that Popeyes denied his request to take a month off under the Family Medical Leave Act.  Instead, he alleges, Popeyes fired him on October 8, 2010 for claimed intoxication.  Popeyes has once again moved to dismiss, arguing that Meadows' claim is barred by the applicable statute of limitations.

Discussion

The Family and Medical Leave Act ("FMLA") permits an eligible employee to take off from work up to 12 weeks of unpaid leave each year due to a "serious health condition" that renders the employee unable to perform his job.  29 U.S.C. § 2612(a)(1)(D); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011).  The Act makes it unlawful for an employer to interfere with, or to retaliate against, an eligible employee who exercises or attempts to exercise his rights under it.  29 U.S.C. § 2615; *see also Makowski v. Smith Amundsen LLC*, 662 F.3d 818, 824 (7th Cir. 2011); *Ames*, 629 F.3d 668-669.  Actions under the FMLA are generally required to be brought within two years; however, an action alleging a willful violation may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.  29 U.S.C. § 2617(c)(1), (2).

Liberally construing Meadows' allegations and accepting them as true as the Court must, *e.g., Childress v. Walker, Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012), Meadows alleges a claim for willful violation of the FMLA: he alleges that he requested and was denied medical leave under the FMLA on October 7, 2010, and was fired on October 8, 2010 in retaliation for seeking FMLA leave. Additionally, Meadows alleges that Popeyes actions "constitute willful violations of the FMLA," Amended Complaint [30], ¶30, making the three-year statute of limitations applicable.

Popeyes argues that Meadows' claim is untimely. Meadows initially submitted his complaint on August 8, 2013, filed that complaint on October 18, 2013 and then filed an amended complaint on August 5, 2014. Popeyes argues that, in deciding whether Meadows' claim is time-barred, the Court should consider the injury date alleged in the initial complaint (April 23, 2010). Using that date, Popeyes argues, Meadows' claim is barred even if he is alleging a willful violation, as his complaint was not filed until October 18, 2013. Popeyes also argues that the claim is barred even if the Court considers the injury date alleged in the amended complaint (October 6, 2010).

The Court finds that Popeyes' statute of limitations arguments are not persuasive. First, the Court rejects Popeyes' argument that the injury date from the initial complaint controls. Meadows filed an amended complaint, which means the Court no longer considers the initial complaint. "An amended complaint

3

supersedes and replaces the original complaint, rendering the original complaint void." *E.g., Flannery v. Recording Indus. Association of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Moreover, the applicable date is not the date of the injury, but the date Popeyes allegedly denied Meadows' request for leave and fired him for trying to take FMLA leave, which (according to the complaint) would have been October 8, 2010.

The initial complaint was submitted on August 8, 2013 and filed October 18, 2013. The amended complaint was filed August 5, 2014. To be timely then, plaintiff's allegations must relate back to the initial complaint. If the allegations in the amended complaint relate back to the initial submission date, Meadows' claim is within the three-year statute of limitations period for willful violations of the FMLA. If the allegations in the amended complaint do not relate back to the initial submission date, the claim is time-barred.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." That appears to be the case here. The initial complaint and the amended complaint both allege an on-the-job injury, a failure on the part of plaintiff's manager to allow him to seek immediate medical care, a subsequent refusal to allow plaintiff to take leave as requested, and a subsequent retaliation by the defendant for plaintiff's attempt to take such leave. Although the date of the injury changed significantly from the

4

initial complaint to the amendment, the allegations appear to relate to the same incident and the same subsequent actions taken by the defendant.

As an aside, the Court agrees with Popeyes that the change in the injury dates from the initial complaint to the amended complaint (which save the claim for purposes of the statute of limitations) is somewhat suspicious. The date will no doubt come up at plaintiff's deposition and at trial and may adversely impact plaintiff's credibility. The revised date could potentially give rise to Rule 11 sanctions against plaintiff and his attorney if it later turns out that the date lacks evidentiary support. However, as noted above, at this stage of the litigation, the Court is obliged to accept plaintiff's allegations as true and, as such, they state a timely FMLA claim.

Finally, in addition to the statute of limitations argument, Popeyes makes a cursory argument that Meadows' claims should be dismissed because he failed to allege a "serious condition." But Meadows alleges that he sustained a severe burn that prevented him from doing his job and that his doctor advised him to stay off work for one month because of the injury. This is sufficient to get past the motion to dismiss stage. *See* 29 CFR § 825.115(a)(defining a serious health condition to include an injury that requires continuing treatment and involves a period of incapacity of more than three days).

## CONCLUSION

For the reasons explained above, the Court finds that plaintiff's FMLA claim, as alleged in the amended complaint, is timely and adequately states a claim for

5

which relief may be granted. Defendant's motion to dismiss plaintiff's amended complaint [37] is denied. The case is set for a status hearing June 30, 2015 at 9:45 a.m. in Courtroom 1725. At that time, the parties should be prepared to set discovery deadlines and other case management dates.

Dated: June 18, 2015

ENTERED:

_____
United States District Judge